UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

        v.                                  Case No. 1:16cr096

Curtis McIntosh,                        Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Suppress (Doc. 13); the Government's Response in Opposition (Doc. 18); and the Government's Supplemental Exhibit (Doc. 24). A hearing was conducted before the undersigned on December 8, 2016.

On June 6, 2016, Defendant was a passenger in his sister's silver Toyota Camry. Forest Park Police Officer Trevor Jacob, a 10-year veteran of the Department, was on patrol that day, leaving a gas station when he observed the subject motor vehicle drive by him. Officer Jacob testified that when he routinely pulled out behind the vehicle, the male passenger engaged in furtive movement that caught his attention. Officer Jacob explained that the passenger was looking at him in his rearview and side mirrors and made a gesture consistent, based upon his training and experience, with concealment of contraband. As a result of his observations, he continued to follow the vehicle and ran a computer inquiry of the license plate. He testified that the license plate inquiry returned an open warrant for Defendant who was associated with the motor vehicle. Based upon that information, he pulled over the vehicle for further investigation.

Defendant attaches to his motion a printout of the Regional Crime Information Center report, which was included in the discovery materials provided by the Government (*See* Doc. 16, PageID 50; Ex. 4). The report shows that Defendant was "not wanted," or in other words, there was no open warrant. The Government explains that this particular report was printed on September 20, 2016, months after Defendant was arrested and processed. Likewise, a document produced by the Government at the hearing showed no open warrants as to Defendant (Ex. 6). This report was run two days after the incident. Based upon this seemingly contradictory documentation, Defendant contends that on the date of the arrest, there was no open warrant for him.

Defendant contends there are two primary questions: 1) whether there was an open warrant for Defendant; and 2) if there was a warrant, did Officer Jacob have a reasonable suspicion to believe Defendant was in the vehicle on the date in question.

Following the hearing, the Court left the record open for one week for any additional submissions by the parties. On December 12, 2016, the Government filed a supplemental exhibit, which shows that at the time of the traffic stop there was an active warrant for Defendant's arrest. (Doc. 24-1). This evidence corroborates the testimony of Officer Jacob.

Nevertheless, Defendant asserts the evidence recovered from him must be suppressed because the officer was not aware that Defendant was a passenger at the time of the stop. Similarly, Defendant argues that a "link" to the car was not probable cause to believe the Defendant was a passenger.

"The question of whether a particular traffic stop passes constitutional muster is analyzed under the standard for temporary detentions set forth in *Terry v. Ohio*, 392 U.S.

1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and its progeny." *United States v. Winters*, 782 F.3d 289, 295 (6th Cir. 2015) (internal citations omitted). "Under this framework, the stop must be 1) 'justified at its inception'; and 2) 'reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id.*, citing *Terry,* 392 U.S. at 20, 88 S.Ct. 1868.

The evidence at the hearing included the testimony of Officer Trevor Jacob; Exhibit 1 – the RCIC printout associated with the vehicle; Exhibit 2 – the Forest Park Police Department Arrest and Investigation Report with tickets attached (Exhibits 3, 4 and 5); and Exhibit 6 – the RCIC Report linked to the license plate.  This evidence was supplemented as explained above.

Defendant urges the Court to follow *United States v. Hudson*, 405 F.3d 425 (6th Cir. 2005) to suppress the evidence.   In that case, Hudson's connection to the motor vehicle was provided by an anonymous tipster with no other link to the car.   In the instant case, the RCIC printout linked Defendant and the open warrant to the car.   The same car had been previously operated by Defendant.  (*See* Ex. 5).   Based upon the open warrant associated with the vehicle, Officer Jacob pulled it over for further investigation.

Moreover, upon approaching the passenger side door, he observed Defendant, and recognized him from a prior encounter.  Based upon the active warrants, he asked Defendant to step out of the car to place him under arrest on the open warrant.   Officer Jacob searched Defendant before placing him in the police cruiser.   He found two .45 caliber bullets in Defendant's pockets.   Defendant denied having a weapon in the car.   Once Defendant was in the back of the police cruiser, Officer Jacob conducted a search of the passenger seat of the vehicle where he had observed Defendant lean forward, as if

to conceal something under the seat. There, under the seat, he found a loaded .45 caliber handgun.

In short, Officer Jacob observed suspicious activity causing him to run the license plate query. The query linked the Defendant to the subject vehicle and indicated there was an open warrant for his arrest. While approaching the stopped vehicle, the officer recognized the Defendant as the subject of the warrant thus justifying his removal from the car.

Based upon all of the foregoing, Defendant's Motion to Suppress (Doc. 13) is **OVERRULED**.

**IT IS SO ORDERED.**

                                                  s/*Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge